IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:03-CR-0247-H (01) |
| | ) | No. 3:05-CV-1022-H |
| SAMBAU MAU, ID # 30776-177, | ) | |
| Movant/Defendant. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

### B. Procedural History

On September 4, 2003, movant pled guilty to conspiracy to commit theft of government property. The Court entered judgment upon movant's guilty plea, and sentenced him to thirty months imprisonment on September 30, 2004. He did not appeal his conviction or sentence.

On May 18, 2005, the Court received the instant motion filed pursuant to 28 U.S.C. § 2255. Movant claims that the Court improperly enhanced his sentence in light of *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005).

## II. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

In this instance, movant merely raises claims under *Blakely* and *Booker*.  Claims based upon those cases, however, are not cognizable on collateral review.  *See United States v. Cabrera*, Nos. 3:01-CR-0374-H, 3:04-CV-2739-H, 2005 WL 1422154, at *1 (N.D. Tex. June 14, 2005) (findings, conclusions, and recommendation  which holds that *Booker* and *Blakely* claims are not cognizable in a § 2255 motion), *accepted by* unpub. order (N.D. Tex. July 11, 2005); *cf. United States v. Fountain*, Nos. 3:03-CR-329-G(09), 3:05-CV-1224-G, 2005 WL 1502054, at *1 (N.D. Tex. June 24, 2005) (findings, conclusions, and recommendation which holds that a *Booker* claim is not cognizable in a § 2255 motion), *adopted by* 2005 WL 1679339 (N.D. Tex. July 18, 2005).

Because claims based upon *Blakely* and *Booker* are not cognizable on collateral review, it is clear that movant is entitled to no relief on the claims raised in the instant action.[1]  Consequently, the Court should summarily dismiss this action.

## III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary.  No evidentiary hearing is required, when "the motion and the files and

---

[1] Because it finds that such claims are not cognizable on collateral review, the Court does not reach the issue of waiver. The Court notes, however, that movant waived his right to collaterally attack his conviction pursuant to 28 U.S.C. § 2255 on any ground except to challenge the voluntariness of his plea or his waiver.  Movant does not challenge the voluntariness of his plea or his waiver in this action.  Thus, his *Blakely* and *Booker* claims may also be barred by waiver.

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no

relief.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the

Court summarily **DISMISS** the instant Motion to Vacate, Set Aside, or Correct Sentence brought

pursuant to 28 U.S.C. § 2255.

**SIGNED this 20th day of September, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE